**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | |
|---|---|
| VILLAGE OF LAKEWOOD, a municipal corporation, d/b/a REDTAIL GOLF CLUB, ) ) ) | |
| Plaintiff, ) | |
| vs ) | CASE NO.: 06-C-3508 |
| ) | |
| PFG GOLF, a division of Information Leasing Corporation n/k/a National City Commercial Capital Corporation, an Ohio corporation, ) ) ) ) | Judge Philip G. Reinhard Magistrate Judge P. Michael Mahoney |
| Defendant. ) ) | |
| PFG GOLF, a division of Information Leasing Corporation n/k/a National City Commercial Capital Corporation, ) ) ) ) | |
| Counter-Plaintiff, ) | |
| vs ) ) | |
| VILLAGE OF LAKEWOOD, a municipal Corporation d/b/a REDTAIL GOLF CLUB ) ) ) | |
| Counter-Defendant. ) | |

**MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S**
**PETITION FOR DECLARATORY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Village of Lakewood ("Lakewood"), as its Motion for Summary Judgment on Plaintiff's Petition for Declaratory Judgment pursuant to Fed. R. Civ. P. 56, states:

1. Lakewood's Petition for Declaratory Judgment seeks to declare that a lease agreement between Lakewood and Defendant, PFG Golf, is *ultra vires* and void *ab initio* as to Lakewood.

2. PFG Golf, filed a counterclaim for breach of contract against Lakewood on August 28, 2006.

3. Should the court grant this motion, declaring the lease document attached to the Petition for Declaratory Judgment and incorporated herein by reference void *ab initio* ("Lease Document"), the counterclaim by PFG Golf would be moot, resolving all the matters before the Court, because no breach of a void contract can occur.

4. If this motion is granted, Lakewood would also be entitled to a judgment of rescission and restitution as a matter of law as prayed for in Count III of the Petition for Declaratory Judgment.

5. Summary Judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.

6. Two grounds exist for granting Lakewood's motion based on the uncontested facts that, (1) no prior appropriation for the Lease Document was made by Lakewood as required under 65 ILCS 5/8-1-7(a) as alleged in Count I of the Petition for Declaratory Judgment and alternatively; (2) that the Lease for data processing equipment and services extended beyond the term of the president holding office at the time the Lease Document was executed as prohibited under 65 ILCS 5/8-1-7(b) as alleged in Count II of the Petition for Declaratory Judgment.

    **I.**    **Lack of Prior Appropriation as Required Under 65 ILCS 5/8-1-7(a)**

7. 65 ILCS 5/8-1-7(a) states:

> [N]o contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of

> this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof.

8.  Therefore, a contract which is not appropriated for is void ab *initio*. Chicago Patrolman's Association v. City of Chicago, 56 Ill.2d 503, 508, 309 N.E.2d 3, 6 (1974).

9.  It is uncontested that the Lease Document was signed by the parties on August 26, 2004. See paragraph 3 of PFG Golf's Answer filed August 28, 2006, incorporated herein by reference ("Answer").

10. No appropriation was made prior to August 26, 2004 for the expense incurred by the Lease Document. See Affidavit of Wendy Gregoria, attached hereto and incorporated by reference as Exhibit 1 ("Affidavit of Wendy Gregoria").

## II. The Lease Document, Pertaining to Data Equipment and Services, Extended Beyond the Term of the President Then Holding Office in Violation of 65 ILCS 5/8-1-7(b)

1-10. The Village hereby incorporates Paragraphs 1 through 14 above as 1 through 14 herein.

11. PFG Golf, by failing to deny or state it has insufficient information to admit or deny Paragraph 15 of the Petition for Declaratory Judgment pursuant to Fed R. Civ. P 8 in its Answer, has admitted that the lease pertains to the lease and service of data processing equipment and services. See Answer, Paragraph 15. See also McComb v. Blue Star Auto Stores, 164 F2d 329 (7th Cir. 1947).

12. Also, the Village has presented evidence which shows that the lease pertains to data equipment and services. See Affidavit of Wendy Gregoria.

3

13. The Acting Village President when the Lease Document was executed on August 26, 2004 was Julie Richardson, whose first term of office ended on May 10, 2005. See Affidavit of Wendy Gregoria and certified copies of the oaths of office, attached thereto as Exhibits C & D and incorporated herein by reference.

14. Julie Richardson took office on May 10, 2005 after being elected and is the current Village President for the Village of Lakewood. See Affidavit of Wendy Gregoria and certified copies of the oaths of office, attached thereto as Exhibit D and incorporated herein by reference.

15. 65 ILCS 5/8-1-7(b) states:

> [T]he corporate authorities of any municipality may make contracts for a term exceeding one year and not exceeding the term of the mayor or president holding office at the time the contract is executed, relating to: . . .(3) the provision of data processing equipment and services.

16. The Lease Document extended beyond the then current term of office and is therefore void as a matter of law pursuant to 65 ILCS 5/8-1-7(b).

WHEREFORE, the Village of Lakewood requests that summary judgment be granted in its favor and against PFG Golf for all relief prayed for in the petition in this matter.

                                  Village of Lakewood,

                                  s/ Kevin G. Costello
                                  Kevin G. Costello

Kevin G. Costello
Attorney No. 06196839
ZUKOWSKI, ROGERS, FLOOD & MC ARDLE
50 Virginia Street
Crystal Lake, Illinois 60014
(815) 459-2050 Telephone
(815) 459-9057 Facsimile
U:\vvaughn\Lakewood\Redtail\Motion for Summary Judgment.doc