IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| VILLAGE OF LAKEWOOD, a municipal corporation, d/b/a REDTAIL GOLF CLUB, )<br>)<br>)<br>Plaintiff, )<br>vs. )<br>)<br>PFG GOLF, a division of Information Leasing Corporation n/k/a National City Commercial Capital Corporation, an Ohio corporation, )<br>)<br>)<br>)<br>Defendant. )<br>_____)<br>)<br>PFG GOLF, a division of Information Leasing Corporation n/k/a National City Commercial Capital Corporation, an Ohio corporation, )<br>)<br>)<br>)<br>Counter-Plaintiff, )<br>)<br>vs. )<br>)<br>VILLAGE OF LAKEWOOD, a municipal corporation, d/b/a REDTAIL GOLF CLUB, )<br>)<br>)<br>Counter-Defendant. ) | CASE NO: 06-C-3508<br><br>Judge Philip G. Reinhard<br><br>Magistrate Judge P. Michael Mahoney |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION
FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56.**

**INTRODUCTION**

Illinois has drafted legislation in 65 ILCS 5/8-1-7 which protects a municipality from being subject to certain contracts in order to safeguard municipal funds. <u>Beling v. City of E. Moline</u>, 14 Ill.App.2d 263, 272, 144 N.E.2d 865, 870 (2d Dist. 1957). A party to a contract with a municipality is charged with being aware of these limitations on the ability to contract with a municipality. <u>Metropolitan Water Reclamation Dist. of Greater Chicago v. Civil Service Bd. of</u>

1

<u>Metropolitan Water Reclamation Dist. of Greater Chicago</u>, 291 Ill.App.3d 488, 494, 684 N.E.2d 786, 790, 225 Ill.Dec. 795, 799 (1st Dist. 1997).

Here, PFG Golf entered into an agreement with a municipality which was void from its inception pursuant to 65 ILCS 5/8-1-7, which requires prior appropriation by a municipality for any contract and requires contracts to terminate when the term of the Village President expires when the contract involves data equipment and services. Here, facts establishing both bases for voiding the Lease Document appear in the record and cannot be controverted. Therefore summary judgment is appropriate.

## ARGUMENT

I. **Summary judgment on Lakewood's Petition for Declaratory Judgment in favor of Lakewood is required as a matter of law because, under Illinois law, the Lease Document is void for lack of prior appropriation.**

Lakewood did not appropriate for the Lease Document and has not appropriated for the lease document in any way, shape or form. Prior appropriation is required under 65 ILCS 5/8-1-7(a), which states, in pertinent part:

> no contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof.

Illinois case law clearly identifies that any contract which is not appropriated for prior to its execution is null and void pursuant to 65 ILCS 5/8-1-7(a). <u>Chicago Patrolmen's Ass'n v. City of Chicago</u>, 56 Ill.2d 503, 508, 309 N.E.2d 3, 6 (1974).

The Affidavit of Wendy Gregoria, attached to the motion for summary judgment, includes certified copies of the budget ordinances for all applicable years and shows that no appropriation was made for the Lease Document.  Wendy Gregoria also stated in her affidavit that no appropriation was made for the agreement and Lakewood has had to pay over $25,000 from its revenue fund for the golf course to pay for the charges by PFG Golf from April to August of 2006.  Also, Catherine Peterson, who verified the petition in this matter under oath, stated in the petition that no appropriation was made for the Lease Document.

No issue of material fact exists as to whether there was prior appropriation for the Lease Document and Lakewood is therefore entitled to judgment as a matter of law.  Under Illinois Law, Lakewood is also entitled to rescission and restitution of all amounts paid under the Lease Document to return the parties to the status quo ante.  <u>Lempa v. Finkel</u>, 278 Ill.App.3d 417, 426, 663 N.E.2d 158, 164-165, 215 Ill.Dec. 408, 414 - 415 (2d Dist. 1996).

II. **Summary judgment on Lakewood's Petition for Declaratory Judgment in favor of Lakewood is also required as a matter of law because, under Illinois law, the Lease Document is void based on its extension beyond the term of the Village President for a contract which involves data equipment and services.**

The pleadings and affidavits in this matter also clearly show that the Lease Document is void under 65 ILCS 5/8-1-7(b) because it extended beyond the term of the village president then in office and it involves data equipment and services.  65 ILCS 5/8-1-7(b) states, in pertinent part that "the corporate authorities of any municipality may make contracts for a term exceeding one year and not exceeding the term of the mayor or president holding office at the time the contract is executed, relating to: . . .(3) the provision of data processing equipment and services."

3

The facts show that the Lease Document relates to the provision of data processing equipment and services under 65 ILCS 5/8-1-7(b). The Lease Document itself makes reference to the data processing equipment and service which is to be provided to Lakewood in the form of a GPS device and computer system on each golf cart and a computer system on the grounds of the golf course which transmits data regarding the golf course and other information to and from the golf carts and the pro shop. See Exhibit A to the Petition in this matter, incorporated herein by reference.

In further support of the nature of the Lease Document, the Verified Petition in this matter signed under oath by Catherine Peterson, Paragraphs 4 and 5 and the Affidavit of Wendy Gregoria, Paragraph 5 both indicate that the contract relates to data processing equipment and service. In addition, by failing to deny Paragraphs 4, 5 and 15 of the Verified Petition, PFG Golf is deemed to have admitted the fact that the Lease Document relates to data processing equipment and service. See Answer, Paragraphs 4, 5 and 15. See also <u>McComb v. Blue Star Auto Stores</u>, 164 F2d 329 (7th Cir. 1947).

Uncontested facts in the record also show that the Lease Document was signed on August 26, 2004 and was to be in effect for a term of five years. See Answer, Paragraph 3. See also <u>McComb v. Blue Star Auto Stores</u>, 164 F2d 329 (7th Cir. 1947). The Affidavit of Wendy Gregoria and the certified copies of the oaths of office attached thereto show that the village president at the time the Lease Document was signed was Julie Richardson, who took office as acting village president when the elected village president Blair Picard resigned. Julie Richardson's term as acting village president ended on May 10, 2005. Julie Richardson was then

4

elected to the position of village president on May 10, 2005. Since the Lease Document was to be completed in 2009, it clearly extended beyond the initial term of Julie Richardson.

Since the Lease Document is void ab initio, Lakewood is entitled to summary judgment on all three counts of its Petition and rescission and restitution of all amounts paid under the Lease Document should be ordered to return the parties to the status quo ante. <u>Lempa v. Finkel</u>, 278 Ill.App.3d 417, 426, 663 N.E.2d 158, 164-165, 215 Ill.Dec. 408, 414 - 415 (2d Dist. 1996).

## CONCLUSION

For all of the above stated reasons, the Village of Lakewood requests that this Court grant the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and for such other relief as this Court deems appropriate.

> Respectfully submitted,
> VILLAGE OF LAKEWOOD
>
>
> By:s/ Kevin G. Costello
> Kevin G. Costello

Kevin G. Costello
Atty No. 06196839
Attorney for Plaintiff
Zukowski, Rogers, Flood & McArdle
50 Virginia Street
Crystal Lake, IL 60014
(815) 459-2050 Telephone
(815) 459-9057 Facsimile

U:\VVAUGHN\LAKEWOOD\REDTAIL\Memorandum of Law in Support of Plaintiffs Motion for Summary.wpd